IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David Desparois,                                          Case No. 3:08CV1653

          Plaintiff

      v.                                                      ORDER

Perrysburg Exempted Village School District, *et al*.,

          Defendants


      This is a civil rights case arising from defendants' termination of plaintiff from his  position

as a school bus driver for the defendant Perrysburg, Ohio, Exempted Village School District

[Perrysburg Schools]. Plaintiff David Desparois asserts that defendants Perrysburg Schools, *et al*.

violated his procedural due process rights by: 1) "not allowing him sufficient opportunity to marshal

facts and evidence to counter the charges" that formed the basis of his termination; and 2) "not

providing him an opportunity to be heard at the June 18, 2007 Board of Education Meeting."[1] [Doc.

20]. Defendants deny that their termination procedures violated due process.

---

[1] Plaintiff does not oppose defendants' motion for summary judgment regarding a First
Amendment claim originally asserted in his complaint.

1

Pending are counter-motions for summary judgment.[Docs. 32, 36] For the reasons that follow, plaintiff's motion shall be overruled, and defendants' motion shall be granted in part and overruled in part.

## Background

Desparois worked as a bus driver for Perrysburg Schools until June, 2007. One of Desparois' duties was to transport students to and from the Islamic School, a private, Muslim-affiliated school in Perrysburg. In May, 2007, Dr. Atteya Elnoory, the principal of the Islamic School, contacted Ron Heitmeyer, Area Coordinator for the Ohio Department of Education, to report allegations that Desparois had acted inappropriately toward two elementary school-age girls. On May 21, 2007, Richard Jones, Business Manager for the Perrysburg Schools, learned of the allegations.

Allegedly, Desparois went during recess to the Islamic School on his motorcycle and spoke to one of the girls, who was a passenger on his route. He asked her whether she would be riding the bus home that day, and if she thought it would be fun if he picked her up on his motorcycle instead of the bus. He also told her that he drove by her house on his motorcycle and complained that she was never outside. On another occasion, Desparois, while driving the bus, asked the girl if she wanted to "go around the block" before being dropped off. [Doc. 35-1, pg. 6].

Desparois also allegedly asked another elementary school girl to go to the movies with him and to be his girlfriend. This girl was not on his bus route.

On May 21, 2007, after learning of the allegations, Jones issued Desparois a notice to appear at a pre-disciplinary hearing the next day. The notice, which recommended that Desparois bring a union representative, did not give any other information about the meeting. Though Desparois asked for more information about the meeting, Jones declined to tell him more about it or its purpose.

2

At the May 22, 2007, pre-disciplinary hearing Jones explained the allegations. He gave Desparois copies of the e-mails from Dr. Elnoory describing the alleged incidents, including the girl's statements.

After giving Desparois and his union representative time to read the documents, Jones gave Desparois an opportunity to respond. Desparois confirmed that the conversations occurred, but asserted that the statements had been taken out of context.

The next day, May 23, 2007, Jones placed Desparois on paid leave. He also asked the Perrysburg Police Department to conduct an investigation.

On June 11, 2007, after receiving the police investigation report, Jones terminated Desparois. Desparois subsequently filed a grievance pursuant to Article 5, § 5.01(A) of the Collective Bargaining Amendment [CBA], alleging unjust termination.

While the grievance was pending, the Perrysburg School Board met on June 18, 2007. Defendants did not tell Desparois that they would be considering his employment status at the meeting, which Desparois did not attend. At the meeting the School Board adopted the recommendation that Desparois be terminated.

On July 7, 2007, on learning that the Board had denied his grievance, Desparois proceeded to arbitration under the CBA. The arbitration took place on February 25, 2008. Each party called witnesses, conducted direct and cross-examination and submitted post-hearing briefs. There is no dispute that Desparois received a constitutionally adequate post-termination hearing.

The arbitrator denied Desparois' grievance and upheld his termination for cause. Desparois subsequently filed this suit.

**Standard of Review**

3

A party is entitled to summary judgment on motion under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, a court accepts the opponent's evidence as true and construes all evidence in the opponent's favor. *Eastman Kodak Co. v. Image Technical Servs., Inc*., 504 U.S. 451, 456 (1992). The movant can prevail only if the materials offered in support of the motion show there is no genuine issue of a material fact. *Celotex*, *supra*, 477 U.S. at 323.

### Discussion

In their counter-motions for summary judgment, the parties address four interrelated issues, namely, whether: 1) Desparois may amend his complaint; 2) Desparois may now advance new due process theories; 3) defendants violated Desparois' due process rights, and 4) defendants are entitled to qualified immunity .

### 1. Desparois' Request to Amend His Complaint

The parties do not dispute the fact that Desparois must bring his federal due process claim under § 1983. They disagree, though, as to whether I should grant leave to amend the complaint to state specifically that his claims arise under that section.

4

Desparois argues that his failure to plead his due process violations as a § 1983 violation is a technical defect. He notes that in defendants' motion for summary judgment they view this case as implicating federal constitutional rights. Allowing a formal amendment to his complaint would not, he contends, prejudice the defendants. They, in turn, simply assert that it would be inappropriate for Desparois to amend his complaint at this stage in the litigation.

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). In making such an assessment, I am to consider "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc*., 427 F.3d 996, 1001 (6th Cir. 2005). Ultimately, however, "the grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendants' filings reveal that they understand Desparois' claims as implicating a property interest under the due process clause of the United States Constitution. They thus have actual notice of the nature of the claims against them and cannot justifiably assert undue prejudice.

Defendants' reliance on *Warthman v. Genoa Township Bd. of Trustees,* 549 F.3d 1055 (6th Cir. 2008), is misplaced. In *Warthman*, the defendant sought to remove a state case to federal court in which the complaint referenced the Due Process Clause of the Fourteenth Amendment. The plaintiff moved to remand because the complaint asserted no federal constitutional claim. Here, in contrast, plaintiff clearly alleges a federal due process violation, defendants understand him to be doing so, and the only issue is whether a technical deficiency exists.

I grant plaintiff's motion to amend his complaint.

5

## 2. Assertion of New Theories in Response to Summary Judgment

Desparois' complaint asserts that defendants violated his procedural due process rights by 1) "not allowing him sufficient opportunity to marshal facts and evidence to counter the charges" that formed the basis of his termination; and 2) "not providing him an opportunity to be heard at the June 18, 2007 Board of Education Meeting." [Doc. 20]. He claims in his counter-motion for summary judgment that other due process defects affected the overall process leading to the board's confirmation of the decision to terminate him.

A plaintiff may not expand his claims to assert new theories in response to summary judgment. *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (citing *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006); *Tucker v. Union of Needletrades, Indus. and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005); *Mich. Bell Tel. Co. v. Strand*, 305 F.3d 580, 589-90 (6th Cir. 2002)). Therefore, I decline to consider Desparois' newly made allegations, and restrict myself to the assertions in his amended complaint.

## 3. Whether Defendants Violated Desparois' Due Process Rights[2]

Desparois' federal due process claim depends on whether he had a property right in continued employment with Perrysburg Schools. *See Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538 (1985). If Desparois had a property interest in continued employment, Perrysburg Schools could not deprive him of that right without due process. *Id.*

---

[2] Under *Pearson v. Callahan*, — U.S. —, —, 129 S. Ct. 808, 818 (2009), I have discretion either to consider simply the issue of qualified immunity, without reaching the underlying constitutional issues, or first to address those issues and then, if necessary, determine whether defendants enjoy immunity. In this case, I need not reach the issue of qualified immunity.

Desparois is a classified civil servant. *See Ohio Revised Code* 124.11(B). As such, he has a protected property interest in his employment and is entitled to a pre-termination hearing. *Loudermill*, *supra*, 470 U.S. at 538-39, 545; *see also, Farhat v. Jopke*, 370 F.3d 580, 595 (6th Cir. 2004); *Hardman v. Univ. of Akron*, 100 F.Supp.2d 509, 514 (N.D. Ohio 2000). A pre-termination proceeding, however, need not be elaborate. *Loudermill*, *supra*, 470 U.S. at 545.

Due process requires that a civil servant receive "oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Id*. at 546. The pre-termination hearing acts as an initial check against mistaken conclusions and need not be a full evidentiary hearing. *Farhat*, *supra*, 370 F.3d at 595. The employee must be given the "opportunity to present reasons, either in person or in writing, why proposed action should not be taken." *Loudermill*, *supra*, 470 U.S. at 546.

The notice required by *Loudermill* is "oral or written notice of the charges," *id.,* not notice of the pre-termination hearing. *Lusher v. City of Mansfield*, 2007 WL 756655 (N.D. Ohio). Simply put, an employee does not have a right to significant advance warning of the time of the hearing. *Id.* Pre-termination proceedings may be adequate even where the employer first tells the employee about the nature of the charges during the pre-termination hearing itself. *See, e.g., Abel v. Auglaize City. Highway Dept.,* 276 F.Supp.2d 724 (N.D. Ohio 2003); *DeMarco v. Cuyahoga Cty. Dept. of Human Serv.*, 12 F.Supp.2d 715 (N.D. Ohio 1998).

Even if an inadequate pre-termination hearing has taken place, an employer can satisfy the mandates of due process through an adequate post-termination proceeding. *Farhat, supra,* 370 F.3d at 596. A post-termination, trial-like hearing before a neutral arbitrator, coupled with a pre-

7

termination opportunity to be heard, constitutes adequate process. *Loudermill*, *supra*, 470 U.S. at 547-48; *Farhat, supra,* 370 F.3d at 596.

In this case, Desparois received notice to appear the next day with his union representative at a pre-disciplinary hearing. At that hearing, Jones explained the nature of the allegations against Desparois and set forth the evidence against him. Jones also gave Desparois copies of the girl's statement describing Desparois' conduct and emails from the principal of the Islamic School. Desparois and his union representative had time to review this evidence and an opportunity to respond. This is all the pre-termination process to which Desparios was entitled. *See Loudermill*, *supra*, 470 U.S. at 546.

Even if the pre-termination hearing had been inadequate, post-termination administrative procedures provided the necessary process to pass constitutional muster. *See Farhat, supra,* 370 F.3d at 596. Desparois advanced his grievance to arbitration after the School Board confirmed his termination. The arbitrator, a neutral decisionmaker, swore in witnesses, admitted in evidence the parties' exhibits and had a court reporter produce a record of the proceedings. Represented by counsel, the parties conducted direct and cross-examination.

This "trial-type proceeding," which provided "an opportunity to 'ferret out bias, pretext, deception and corruption by the employer in discharging the employee,'" *id*.,  gave Desparois all the due process which the Constitution demands and ensures.

Perrysburg Schools did not violate Desparois' constitutional due process rights in the course of terminating his employment.

### Conclusion

For the foregoing reasons, it is hereby:

8

ORDERED THAT:

1. Plaintiff be, and he hereby is granted leave to amend his complaint;

2. Defendants' motion for summary judgment [Doc. 32] be, and the same hereby is granted; and

3. Plaintiff's counter-motion for summary judgment [Doc. 36] be, and the same hereby is denied.

So ordered.

/s/ James G. Carr
James G. Carr
Chief Judge